NO. 07-08-0362-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

JUNE 2, 2009
______________________________

In the Interest of A.J.B. and A.K.B., Children 
_________________________________

FROM THE 237th DISTRICT COURT OF LUBBOCK COUNTY;

NO. 93-543,112; HON. JAY GIBSON, PRESIDING
_______________________________

Memorandum Opinion
_______________________________

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.
          Mark David Bural appeals from a judgment awarding the Office of the Attorney
General $86,301.96, a sum representing the amount of child support he failed to pay. 
Through one issue, he asserts that because he continued to live with the mother of his
children for nine years after the divorce and provided some physical and economic
assistance, he should be allowed an offset. We disagree and affirm the judgment.
          Normally, a trial court cannot reduce or modify the amount of child support
arrearage. Tex. Fam. Code Ann. §157.262(a) (Vernon 2008). There are exceptions, such
as when the obligee voluntarily relinquished actual possession and control of the child to
the obligor for a time in excess of that specified in the custody/possession order. Id. 
§157.008(a) & (b). Additionally, the sum owed may be subject to a counterclaim or offset. 
Id. §157.262(f). Regarding the former, no one contends that the obligee (i.e. the children’s
mother) voluntarily relinquished possession or control of the children to Bural as required
by the statute. So, it is of no benefit to Bural here.
          As for the latter, Bural cites us to no evidence of the amount allegedly comprising
his offset. This is problematic because the evidence of record illustrated that the obligee
supported the children. And, according to authority, where the obligor was not the sole
source of support, it is encumbent upon him to provide some evidence of the amount of
support actually paid. Pedregon v. Sanchez, 234 S.W.3d 90, 95-96 (Tex. App.–El Paso
2007, no pet.); compare Hall v. Hall, No. 09-06-206-CV, 2007 Tex. App. Lexis 5883 at *6-7
(Tex. App.–Beaumont July 26, 2007, no pet.) (holding that the father was entitled to an
offset for the time that he continued to live with his former spouse because the record
showed a voluntary relinquishment of custody in excess of any court-ordered periods and
he provided the court with documentation of the sums he paid to support the child). Simply
put, without an amount to offset, there can be no offset.
          We further note that an offset or setoff is an affirmative defense. Brown v. American
Transfer & Storage Co., 601 S.W.2d 931, 936 (Tex. 1980). As such, the party asserting
it has the burden of pleading the matter. Id. Our review of the record uncovered no
pleading of Bural wherein he raised it. Thus, the affirmative defense was waived.
          Accordingly, the issue is overruled and the judgment is affirmed.
 
                                                                           Brian Quinn
                                                                          Chief Justice



#8220;had all the
rims off.” Additionally, the four rim covers once on the wheels had been removed. Couple
this with the evidence illustrating that the SUV had been placed on cinder blocks to
facilitate the theft, one cannot but conclude that appellant (at the very least as a party)
appropriated or otherwise exercised control over all four wheels, tires, and rims. See Tex.
Penal Code Ann. § 31.01(4) (Vernon Supp. 2008) (defining “appropriate” as, among other
things, “to acquire or otherwise exercise control over property”); Tex. Penal Code Ann.
§31.03(a) (stating that one commits theft when he unlawfully appropriates property with
intent to deprive the owner of it). 
          In sum, the evidence was both legally and factually sufficient to support the jury’s
verdict. The latter was not manifestly unjust, and the trial court acted properly in denying
appellant’s motion for directed verdict.
          Accordingly, the judgment is affirmed.
 
                                                                           Per Curiam
 
Do not publish.